**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

MARIA GALARZA,

              Plaintiff,

v.

LYDIAN PRIVATE BANK, et al.,

              Defendants.

Civil Action No. 12-2729 (MAS) (LHG)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

      This matter comes before the Court upon Plaintiff Maria Galarza's motion for entry of default judgment against Defendants Lydian Private Bank, Lydian Mortgage, Virtual Bank (collectively, "Lydian Defendants"), and Sabadell United Bank, N.A. ("Sabadell") (collectively, with Lydian Defendants, "Defaulting Defendants"),[1] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  (ECF No. 19.)  This Court has carefully considered Plaintiff's submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's motion for default judgment is granted.

## I.      Background

      Plaintiff alleges that Defaulting Defendants committed fraud in the course of qualifying her for a mortgage and in that mortgage loan's later modification.  The complaint alleges that Defendants engaged in predatory lending practices, which resulted in Plaintiff being loaned funds on conditions she could not afford.  More specifically, Plaintiff alleges that the LA

---

[1] Plaintiff does not move for default judgment with respect to Defendants Ideal Mortgage Bankers, LTD d/b/a Lend America or Lend America Inc. ("LA Defendants") (collectively, with Defaulting Defendants, "Defendants").

Defendants, mortgage brokers, inserted false income and employment information in her loan application and, based on that information, fraudulently originated a mortgage loan.  (Am. Compl. ¶¶ 9, 17, 25, ECF No. 14.)  Plaintiff alleges that the Lydian Defendants, the lender and servicer of Plaintiff's loans, were aware of and authorized the LA Defendants' conduct and failed to verify the false employment and income information.  (*Id.* ¶¶ 9, 25, 27.)  Plaintiff also alleges that the Lydian Defendants or their agent were involved in providing false information related to her loans. (*Id.* ¶ 27.)  The LA Defendants and the Lydian Defendants originated and underwrote two loans, which funded Plaintiff's purchase of property ("Loan I" and "Loan II").  After Plaintiff successfully purchased property using the fraudulently obtained loans, she discovered the false information and reported the issue to the New Jersey Department of Banking and Insurance; Plaintiff alleges that, as a result, the Lydian Defendants agreed to modify her existing loans (the "Modification Agreement"), which did not provide Plaintiff any relief.  (*Id.* ¶¶ 38-40.)  Plaintiff alleges that Defendants' predatory lending practices resulted in her being placed in loans in excess of $722,000 that she was unable to repay.  (*Id.* ¶ 42.)  Plaintiff asserts that Sabadell, on August 19, 2011, purchased substantially all of the assets of the Lydian Defendants from the FDIC, including the loans that are the subject of this litigation, and is thus liable. (*Id.* ¶ 4.)

Plaintiff filed her initial Complaint on May 7, 2012, and an amended complaint on April 25, 2013.  (ECF Nos. 1, 14.)  Plaintiff asserts violations of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1693, as well as claims of common law fraud, breach of the covenant of good faith and fair dealing, negligence, and breach of fiduciary duty.  In her amended complaint, Plaintiff requests damages, equitable relief—namely rescission—and declaratory judgment.

Upon initial review of Plaintiff's motion for default judgment, this Court issued an order to show cause as to why the matter should not be dismissed for failure to properly serve the Defaulting Defendants. (ECF No. 21.) In response, Plaintiff submitted substantial briefing and materials (ECF No. 26); having reviewed Plaintiff's response, the Court is satisfied that the Defaulting Defendants have been properly served. Accordingly, the Court now reaches the merits of the Plaintiff's motion.

Plaintiff seeks a declaration that her mortgage loans and their modification are unenforceable. In the amended complaint, Plaintiff requests a variety of different relief, including both money damages and equitable relief. However, in her motion for default judgment, she requests a declaration of unenforceability.[2] Therefore, the Court construes Plaintiff's motion as a request for default judgment solely on Count III of the amended complaint, which alleges violations of the CFA, as the CFA authorizes a court to deem contracts unenforceable.[3] *See Huffmaster v. Robinson*, 221 N.J. Super. 315, 322 (Law Div. 1986); *see also Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 23 (1994) (holding that a "consumer is not obligated to pay an indebtedness arising out of conduct that violates the [CFA]").

## II.  Analysis

Rule 55 of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it. Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.3d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d

---

[2] In the alternative, Plaintiff requests money damages, in the event the Court declines her primary requested relief. Because the Court will award Plaintiff's preferred relief, it need not consider whether money damages are appropriate.

[3] Although Plaintiff brings other causes of action, as the CFA provides the relief requested by Plaintiff, the Court need only address the sufficiency of that claim.

3

Cir. 1951)). Before a Court can award default judgment it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence to the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted). Statutory fraud claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008). Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The CFA prohibits "unlawful practices" and "unconscionable commercial practices . . . in connection with the sale or advertisement of any merchandise or real estate." N.J.S.A. 56:8-2. To establish a cause of action under the CFA, Plaintiff must plead "(1) an unlawful practice, (2) an ascertainable loss, and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011). "[T]he CFA attaches liability to any commercial practice with the capacity to mislead." *In re Dixon-Ford*, No. 09-32052, 2011 WL 6749083, at \*7 (Bankr. D.N.J. Dec. 21, 2011). "[A]n improper debt or lien against a consumer-fraud plaintiff may constitute a loss under the [CFA], because the consumer is not obligated to pay an indebtedness arising out of conduct that violates the [CFA]." *Cox*, 138 N.J. at 23.

Taking the factual allegations of the amended complaint as true, Plaintiff has established a cause of action under the CFA. Plaintiff has alleged, with particularity, that the Defaulting

4

Defendants engaged in unlawful predatory lending practices by intentionally providing Plaintiff with loans that were unlikely to be within Plaintiff's ability to repay. (Am. Compl. ¶¶ 29, 32, 36-41.)   Furthermore, Plaintiff has alleged, with particularity, that the Defaulting Defendants intentionally engaged in unconscionable misleading commercial practices by misstating Plaintiff's employment and income information, notwithstanding Plaintiff's production of accurate documentation, to justify Plaintiff's approval for Loan I, Loan II, and the Modification Agreement.   (*Id.* ¶¶ 25-28, 32-33, 36-43.)   Plaintiff incurred a debt, which constitutes an ascertainable loss, caused by the actions of the Defaulting Defendants.   (*Id.* ¶ 74.)   Accordingly, Plaintiff has alleged with particularity a cause of action under the CFA.[4]   Moreover, the Court finds that Plaintiff's requested relief is warranted in the circumstances.

## III.   **Conclusion**

For the reasons stated above, Plaintiff's motion for default judgment against Defaulting Defendants is granted.   An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

Dated:   May 5, 2015

---

[4] Whether Sabadell, who merely purchased the loans in question, should be held liable is a question better resolved once a factual record has been developed. *See Tatum v. Chrysler Grp. LLC*, No. 10-4269, 2011 WL 1253847, at *2 (D.N.J. Mar. 28, 2011) (declining to dismiss CFA claim based on defendant's assertion of lack of successor liability at motion to dismiss stage).

5