**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
EDWARD W. CHANG
DAVID A. DEFLECE
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Tel:  (609) 750-2650
Fax:  (609) 275-2516
Orlofsky@BlankRome.com
DDeFlece@BlankRome.com
EChang@BlankRome.com
*Attorneys for Defendants Sabadell United Bank, N.A.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA GALARZA,<br><br>Plaintiff,<br><br>v.<br><br>LYDIAN PRIVATE BANK, VIRTUAL BANK, a DIVISION OF LYDIAN PRIVATE BANK and/or a DIVISION OF SABADELL UNITED BANK, N.A., SABADELL UNITED BANK, N.A., LYDIAN MORTGAGE, a DIVISION OF LYDIAN PRIVATE BANK, IDEAL MORTGAGE BROKERS, LTD. d/b/a LEND AMERICA, LEND AMERICA, INC., and ABC CORPS. 1-10,<br><br>Defendants. | Civil Action No. 2729-12 (MAS) (LHG)<br><br>**Motion Return Date: June 6, 2016**<br><br>*Electronically Filed* |

### BRIEF IN SUPPORT OF DEFENDANT SABADELL UNITED BANK, N.A.'S
### MOTION TO VACATE DEFAULT JUDGMENT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION...............................................1

II.  FACTUAL BACKGROUND.........................................3

    A.   Filing and Purported Service of the Complaint........3

    B.   Filing and Service of the Amended Complaint..........4

    C.   Allegations of the Amended Complaint.................5

    D.   The Court's Entry of Default.........................7

III. Standard of review.........................................8

IV.  Argument and authorities..................................10

    A.   The Default Judgment Should be Vacated Because
        Plaintiff Will Not be Prejudiced, Sabadell has a
        Meritorious Defense, and Sabadell's Failure to
        Answer was Inadvertent, and Not the Result of
        Culpable Conduct...................................10

        (1)   Plaintiff will Incur No Prejudice..............10

        (2)   Sabadell Has Meritorious Defenses to the Claims
                Asserted in the Amended Complaint..............11

        (3)   Sabadell's Failure to Answer as Not the Result of
                Culpable Conduct...............................17

V.   CONCLUSION................................................19

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank,
    731 F.2d 112 (2d Cir. 1984) ..................................16

Dewey v. Volkswagen AG,
    558 F .Supp. 2d 505 (D. N.J. 2008) ..........................13

Donleavy v. Casey,
    2006 WL 3770883 (N.J. App. Div. Dec. 26, 2006) ..............15

Feliciano v. Reliant Tooling Co.,
    691 F.2d 653 (3d Cir. 1982) .................................11

Galayda v. Wachovia Mortgage, FSB,
    No. CIV.A. 10-1065 FLW, 2010 WL 5392743 (D. N.J.
    Dec. 22, 2010) ..............................................16

Globe Motor Car Co. v. First Fidelity Bank, N.A.,
    641 A.2d 1136, 273 N.J.Super. 388 (N.J. Law Div.
    1993) .......................................................15

Gold Kist, Inc. v. Laurinburg Oil Co.,
    756 F.2d 14 (3d Cir. 1985) ..........................10, 17, 18

Hritz v. Woma Corp.,
    732 F.2d 1178 (3d Cir. 1984) ...........................10, 17

In re Community Bank of Northern Virginia,
    622 F.3d 275 (3d Cir. 2010) .................................12

Malibu Media, LLC v. Waller,
    No. 15-CV-03002 (WHW) (CLW) 2016 WL 184422 (D. N.J.
    Jan. 15, 2016) ..............................................17

Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance
    Club, Inc.,
    175 F. App'x 519 (3d Cir. 2006) ............................11

Paradise Hotel Corp. v. Bank of Nova Scotia,
    842 F.2d 47 (3d Cir. 1988) .............................15, 16

Perkins v. Washington Mut. FSB,
    655 F. Supp. 2d 463 (D.N.J. 2009) ..........................14

Stradley v. Cortez,
    518 F.2d 488 (3d Cir. 1975) ...................................9

Tatum v. Chrysler Grp., LLC,
    No. 10-4269, 2011 WL 1253847 (D.N.J. Mar. 28, 2011) .13, 14, 15

Temp-Way Corp. v. Continental Bank,
    139 B.R. 299 (E.D. Pa. 1992) ...............................15

United States v. $55,518.55 in U.S. Currency,
    728 F.2d 192 (3d Cir. 1984) ..........................9, 10, 12

Walsh v. Household Finance Corp. III,
    No. 15-4112 (KM) (MAH), 2016 WL 1394435 (D.N.J. Apr.
    7, 2016) ...................................................17

Wilson v. Amerada Hess Corp.,
    168 N.J. 236, 773 A.2d 1121 (2001) .........................14

Wilton v. Seven Falls Company,
    515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) .......16

Wingate Inns Intern., Inc. v. P.G.S., LLC,
    No. 09-6198 (WHW), 2011 WL 256327 (D.N.J. Jan. 26,
    2011) ......................................................17

**Statutes**

15 U.S.C. § 1601 et seq....................................4, 12

15 U.S.C. § 1640(e).........................................12

15 U.S.C. § 1641(a).........................................13

**Other Authorities**

Fed. R. Civ. P. 4(e)(1).....................................8

Fed. R. Civ. P. 4(h)(l).....................................8

Fed. R. Civ. P. 55(c).......................................9

Fed. R. Civ. P. 60(b).....................................8, 9

Fed. R. Civ. P. 60(b)(1)....................................9

I.   **INTRODUCTION**

Defendant, Sabadell United Bank, N.A. ("Sabadell") moves pursuant to FED. R. CIV. P. 55 and 60 to Vacate the Court's earlier Entry of Default Judgment [ECF Nos. 27-28] in favor of Plaintiff, Maria Galarza ("Plaintiff" or "Galarza").  Sabadell is the current owner and holder of a first mortgage loan with an original principal amount of $616,000 and a second mortgage line of credit with an original principal amount of $76,900, which were given to Plaintiff in 2007.  The loans are secured by priority mortgage liens on certain real property located at 17 Cottonwood Court, Monroe Township, New Jersey (the "Property").  See ECF No. 14 ("Am. Compl.") at ¶¶ 1-2.  Each of Plaintiff's claims in the underlying lawsuit is premised on alleged conduct by her originating lender and a mortgage broker that purportedly occurred during the loan origination process in 2007.  However, Sabadell did not originate, broker, or participate in any manner, in the origination of Plaintiff's loans.  Sabadell merely acquired the loans some four years later after the alleged conduct took place from the Federal Deposit Insurance Company ("FDIC") when Plaintiff's then lender became insolvent. Id. at ¶ 4.[1]

---

[1] Importantly, as clearly stated in the Purchase and Assumption Agreement pursuant to which Sabadell acquired Plaintiff's loans from the FDIC, the "asset-related defensive litigation

While Plaintiff's pleadings are completely devoid of any alleged conduct by Sabadell, the relief she sought in the Amended Complaint, and ultimately obtained through the earlier Default Judgment, affects *only* Sabadell – namely, the voiding of both mortgage loans, which Plaintiff alleges have an aggregate balance ***in excess of $722,000*** – that Sabadell purchased from the FDIC.  See ECF No. 14 at p. 13; ECF Nos. 27-28.

Sabadell's failure to answer was not intentional, but rather due to its ignorance and excusable neglect that the underlying action had been commenced.  Sabadell would have aggressively defended the lawsuit (and intends to do so upon vacating the Default Judgment) that seeks to declare the subject loans unenforceable because Sabadell has meritorious defenses to each of Plaintiff's claims.  Moreover, vacating the Default Judgment will not prejudice Plaintiff while allowing the Default Judgment to stand would confer an unequivocal windfall on Plaintiff in excess of $722,000.  As set forth below, grounds exist for the Court to vacate the Default Judgment and allow Plaintiff's claims to be decided on the merits.

---

liabilities" for any acquired assets which are not subject to a "Shared-Loss Agreement," which upon information and belief includes the loans at issue here, were retained by the receiver appointed to manage the affairs of Plaintiff's insolvent lender. See ECF No. 26-1 at 15.

## II.    FACTUAL BACKGROUND

### A.    Filing and Purported Service of the Complaint.

On May 7, 2012, Plaintiff commenced this action against Sabadell—the successor owner and holder of two mortgage loans Plaintiff obtained to purchase certain Property—as well as certain other financial institutions[2] who purportedly originated and/or brokered those loans, for what Plaintiff described as predatory and/or fraudulent conduct in the course of qualifying her for her mortgage loans. See, generally, ECF No.1.

Plaintiff alleges to have served Sabadell with the initial Summons and Complaint on July 31, 2012 by personal service upon Doug Jennings, a Senior Asset Manager, at Sabadell's office located at 3801 PGA Blvd., Suite 700, Palm Beach Gardens, Florida, 33410 ("3801 PGA Blvd."). See ECF No. 3.

Sabadell has implemented a company-wide litigation intake and tracking system to ensure that all legal process, when properly received by Sabadell's registered agents or otherwise served upon an authorized corporate officer, is immediately directed to the appropriate Sabadell representative and timely

---

[2] The other parties alleged to have been involved in the brokering and origination of Plaintiff's loan who were named as defendants included defendants Lydian Private Bank, Lydian Mortgage, Virtual Bank (collectively, "Lydian Defendants"), and Ideal Mortgage Bankers, LTD d/b/a Lend America or Lend America Inc. ("Lend America Defendants") (collectively, with Sabadell, "Defendants").

addressed.   <u>See</u> Exhibit A, Affidavit of Douglas Jennings ("Jennings Aff.") at ¶ 3).  This litigation intake and tracking system was in place at the time that Plaintiff alleges to have served a copy of the Summons and Complaint and, while Doug Jennings did maintain an office out of Sabadell's 3801 PGA Blvd. address, albeit at a different suite number than is reflected on the return of service, Sabadell has no record within its system that the Summons and Complaint were ever received.  <u>Id</u>. at ¶¶ 5-7.  As such, Sabadell was unaware that the Complaint was filed and, solely due to that ignorance, did not submit an answer or otherwise appear at that time.  <u>Id</u>. at ¶9.

**B.   <u>Filing and Service of the Amended Complaint.</u>**

On April 25, 2013, Plaintiff filed her Amended Complaint, which added a new, additional count (Count Seven) for declaratory relief under both the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 ("CFA") and Truth in Lending Act, 15 U.S.C. § 1601 <u>et</u> <u>seq</u>. ("TILA"), seeking rescission of her mortgage loans and a declaration that the loans, and corresponding lien instruments, are void and unenforceable.  <u>Compare</u> ECF No. 1 <u>with</u> Am. Compl. at pp. 23-24.

Sabadell's records indicate that the Summons and Amended Complaint were served on June 28, 2013 and forwarded to Sabadell's legal department for processing pursuant to

Sabadell's litigation tracking protocol.  <u>See</u> Jennings Aff. at ¶ 8.  However, through inadvertent error, the responsive deadline to the Amended Complaint was not calendared and the Amended Complaint was not referred to litigation counsel to defend the lawsuit.  <u>Id</u>.  As such, Sabadell did not submit an answer or otherwise appear to defend Plaintiff's lawsuit due to that unintentional error.  But for that mistake, Sabadell otherwise would have defended, and intends to aggressively defend, the lawsuit.  <u>Id</u>.

### C.    <u>Allegations of the Amended Complaint.</u>

Plaintiff alleges that the Lend America Defendants committed fraud in the course of qualifying her for a mortgage and in that mortgage loan's later modification. The Complaint alleges that the Lend America Defendants engaged in predatory lending practices, which resulted in Plaintiff being loaned funds on conditions she could not afford.  More specifically, Plaintiff alleges that the Lend America Defendants, who are mortgage brokers, inserted false income and employment information in her loan application and, based on that information, fraudulently originated a mortgage loan.  <u>See</u> Am. Compl. at ¶¶ 9, 17, 25.

Plaintiff alleges that the Lydian Defendants, the lender and servicer of Plaintiff's loans, were aware of and authorized

the Lend America Defendants' conduct and failed to verify the false employment and income information reported in connection with her loan application. Id. at ¶¶ 9, 25, 27. Plaintiff also alleges that the Lydian Defendants, or their agent, were involved in providing false information related to her loans. Id. at ¶ 27.

The Lend America Defendants and the Lydian Defendants originated two loans which funded Plaintiff's purchase of the Property. After Plaintiff successfully purchased the Property using what she describes as fraudulently issued, or predatory, loans, she discovered the false information and reported the issue to the New Jersey Department of Banking and Insurance. Plaintiff alleges that the Lydian Defendants subsequently agreed to modify her existing loans (the "Modification"). Id. at ¶¶ 38-40. Plaintiff alleges that Defendants' predatory lending practices resulted in her being placed in loans in excess of $722,000 and, while Plaintiff fails to allege that she has defaulted on her loan payments, she speculates that she will, in the future, be unable to afford the monthly loan payments. Id. at ¶ 42.

Plaintiff's Amended Complaint does not identify any conduct by Sabadell. Rather, Plaintiff merely asserts that Sabadell purchased substantially all of the Lydian Defendants' *assets*

from the FDIC on August 19, 2011, including the loans that are the subject of the Amended Complaint, and that Sabadell, as the successor owner and holder of the loan documents, is therefore liable for the allegedly tortious conduct of the Lend America Defendants and the Lydian Defendants. <u>Id</u>. at ¶ 4.

Based on the foregoing, Plaintiff asserts violations of the CFA and the TILA, as well as claims of common law fraud, breach of the covenant of good faith and fair dealing, negligence, and breach of fiduciary duty.  <u>Id</u>. at ¶¶ 51-94.   In her Amended Complaint, Plaintiff requests damages and, for the first time, asserts a new count for declaratory relief rescinding and/or invalidating her loan documents.  <u>Id</u>. at ¶¶ 88-94.

### D.    **The Court's Entry of Default**

Plaintiff moved for entry of a default judgment on November 26, 2013.  <u>See</u> ECF No. 18.  On October 8, 2014, the Court, *sua sponte*, issued an Order to Show Cause questioning the "sufficiency of Plaintiff's service of the Amended Complaint." <u>See</u> ECF No. 21 at p. 2.   Thereafter, on October 24, 2014, Plaintiff's counsel submitted a supplemental Declaration, which included a new affidavit from Plaintiff's process server, again alleging that the Summons and Amended Complaint were served upon Colleen Hinson, who the Declaration newly identified as the "Secretary **(officer)**" of Sabadell.  <u>See</u> ECF No. 26 at p. 12

(emphasis added).[3]  Even though Ms. Hinson was not, and is not, a "Corporate Secretary," or other officer of Sabadell, Sabadell's records do indicate that Sabadell received the Amended Complaint.

On May 6, 2015, the Court, presumably satisfied that Plaintiff had indeed served the Summons and Amended Complaint on "an officer, a managing or general agent, or any other agent authorized by appointment or by law" or in compliance with the state law of either "the state where the district court is located or where service is made," pursuant to FED. R. CIV. P. 4(e)(1) & 4(h)(1), entered a Default Judgment against Sabadell and certain of the other defendants.  See ECF Nos. 27-28.  The Court's Default Judgment, as requested in the Amended Complaint, declared two mortgage loans in excess of $722,000 owned by Sabadell, and the accompanying mortgage liens, to be void and unenforceable.  See ECF No. 28 at p. 1.

## III.  **STANDARD OF REVIEW**

A Court "may set aside an entry of default for good cause, and . . . may set aside a default judgment under Rule 60(b)."

---

[3] Plaintiff's counsel's subsequent Declaration contains numerous documentary exhibits which purport to explain why service on a secretary at Sabadell's branch banking location was appropriate. However, one such exhibit, is an official record of the FDIC which clearly identifies Sabadell's "Headquarters" address to be "1111 Brickell Avenue, Miami, FL 33131."  See ECF No. 26-3 at p. 7.  Plaintiff nonetheless did not attempt service of either the Complaint or the Amended Complaint at Sabadell's Headquarters.

FED. R. CIV. P. 55(c).  Pursuant to Rule 60(b)(1), on motion and just terms, the Court may vacate a default based upon mistake, inadvertence, surprise, or excusable neglect.  A party moving to vacate a default judgment under Rule 60(b)(1) must do so within one year of the entry of the default judgment.  See Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  Here, Sabadell files its Motion within one year of the underlying Default Judgment, and the Motion is therefore timely.  See ECF Nos. 27-28.

Entries of default and default judgments are disfavored by the courts, and when a defendant moves to set aside the entry of default or a default judgment the law "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" United States v. $55,518.55 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (citation omitted).  Moreover, the "decision to set aside the entry of default pursuant to FED. R. CIV. P. 55(c) and a default judgment pursuant to FED. R. CIV. P. 60(b) is left primarily to the discretion of the district court." Id. at 194 (footnotes omitted).

In the Third Circuit, "it is well established that a district court ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), must consider the following three factors: (1) whether the plaintiff

will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)); $55,518.55 in U.S. Currency, 728 F.2d at 195.

## IV.  ARGUMENT AND AUTHORITIES

### A.  The Default Judgment Should be Vacated Because Plaintiff Will Not be Prejudiced, Sabadell has a Meritorious Defense, and Sabadell's Failure to Answer was Inadvertent, and Not the Result of Culpable Conduct.

Assuming, for the sake of argument, that Plaintiff properly served the Summons and Amended Complaint, the Court can and should vacate the Default Judgment because (1) Plaintiff will not be prejudiced; (2) Sabadell has a meritorious defense; and (3) the default was not the result of any culpable conduct by Sabadell.  Gold Kist, Inc., 756 F.2d at 19.

### (1)  Plaintiff will Incur No Prejudice.

When evaluating a motion to vacate a default judgment, the Court must consider whether the Plaintiff will be prejudiced as a result.  See id.  Prejudice is found where "a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."

Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523-24 (3d Cir. 2006) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)).  Mere delay in the adjudication of a claim does not by itself establish prejudice. See Feliciano, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Here, there is no discernible prejudice to the Plaintiff that would result from setting aside the default. There is no indication that any evidence has been lost or witnesses have become unavailable.  Similarly, nothing of significance has occurred in the interim as the result of the Default Judgment and there is no indication of any increased potential for fraud or collusion.  If nothing else, Plaintiff has enjoyed collecting the rents from this investment property for nearly a year since the Court entered the Default Judgment declaring the loans unenforceable.  Accordingly, the first consideration clearly weighs in favor of vacating the entry of Default Judgment.

### (2)   Sabadell Has Meritorious Defenses to the Claims Asserted in the Amended Complaint.

In determining whether to vacate a default judgment, a court must also determine whether the "allegations of defendant's answer, if established at trial, would constitute a

complete defense to the action." $55,518.05 in U.S. Currency, 728 F.2d at 195. The defendant is not required to prove that it will win at trial, but merely to show that it has a defense which is meritorious on its face. Id. As shown below, Sabadell has meritorious defenses to each of the claims set forth in Plaintiff's Amended Complaint.

Plaintiff's Count One asserts a cause of action under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). See Am. Compl. at ¶¶ 51-56. TILA claims are subject to a one-year statute of limitations, see 15 U.S.C. § 1640(e), which begins to run on the day of the occurrence of the violation—in this case, from the closing of the loan. In re Community Bank of Northern Virginia, 622 F.3d 275, 303-304 (3d Cir. 2010). Here, the Plaintiff's loan closed in March *2007*, and any TILA claim is therefore time-barred. See Am. Compl. at ¶ 20. Additionally, Sabadell is not alleged to have engaged in any of the conduct that Plaintiff alleges is in violation of TILA. Indeed, the only reference to Sabadell in the entire Amended Complaint is that it acquired—years after the fact—the Plaintiff's loans from the FDIC after the Plaintiff's originating lender presumably went out of business. See Am. Comp. at ¶ 4. Because TILA permits assignee liability only under very limited circumstances, none of which are applicable here, Plaintiff's

TILA claim fails as a matter of law for this additional reason. See 15 U.S.C. § 1641(a).

Plaintiff's Count Two alleges common law fraud in connection with the origination of her mortgage loans. See Am. Compl. at ¶¶ 57-65. Again, Sabadell concededly did not originate Plaintiff's mortgage loans and had no involvement in the origination process and Plaintiff does not, and cannot, allege otherwise. Thus, Sabadell did not make any representations to Plaintiff regarding her mortgage loans, let alone any misrepresentations on which Plaintiff relied to her detriment. See Dewey v. Volkswagen AG, 558 F.Supp.2d 505, 528 (D. N.J. 2008) (listing elements of common law fraud under New Jersey law). Moreover, New Jersey law recognizes that a corporation which purchases the assets of a separate entity is liable for the predecessor's alleged tortious conduct only in very limited circumstances, none of which is applicable here. Sabadell purchased Lydian's *assets* from the FDIC, but *did not* assume any corresponding asset-related liabilities for Plaintiff's claims and therefore cannot be liable for same under New Jersey law.[4]  See, e.g., Tatum v. Chrysler Grp., LLC, No. 10-4269, 2011 WL 1253847, at *2 (D. N.J. Mar. 28, 2011).

---

[4] See n.1 supra.

Plaintiff's Count Three asserts a claim under the CFA, for allegedly fraudulent and/or predatory conduct by the Lend America and Lydian Defendants in connection with the origination of her mortgage loans.  See Am. Compl. at ¶¶ 66-74.  As discussed above, Plaintiff identifies no conduct by Sabadell which supports her claim under the CFA and, because successor liability is limited in New Jersey to circumstances inapplicable here, Sabadell is not liable for any conduct allegedly perpetrated by other third parties.  See Tatum, 2011 WL 1253847, at *2.

Plaintiff's Count Four alleges that Sabadell has breached the implied duty of good faith and fair dealing.  See Am. Compl. at ¶¶ 75-79.  The duty of good faith and fair dealing is an implied duty in every contractual relationship. Wilson v. Amerada Hess Corp., 168 N.J. 236, 244, 773 A.2d 1121 (2001) ("A covenant of good faith and fair dealing is implied in every contract in New Jersey.").  However, Plaintiff complains only of alleged conduct by the Lend America Defendants and the Lydian Defendants which occurred prior to the loans at issue (*i.e.*, her application) and the attendant contracts.  See Am. Compl. at ¶¶ 77-78.  Because the implied duty of good faith and fair dealing is wholly dependent on the existence of a valid contract, Plaintiff's claim fails.  See Perkins v. Washington Mut. FSB,

655 F.Supp.2d 463, 472 (D. N.J. 2009).   Moreover, as with each of Plaintiff's claims, Sabadell cannot be held liable for alleged conduct of its predecessors in interest.

Plaintiff's Count Five alleges that the same conduct at issue in Counts One through Four amounts to negligence.  See Am. Compl. at ¶¶80-83.   Again, Plaintiff does not identify any allegedly negligent conduct by Sabadell.   Rather, Plaintiff appears to impute purported conduct of the mortgage brokers and lender who originated her loans many years earlier which, even if true, will not support a viable cause of action against Sabadell.  See Tatum, 2011 WL 1253847, at *2.   Moreover, Plaintiff's negligence claim is barred by New Jersey's two-year statute of limitations.  N.J.S.A. 2A:14-2.  Finally, it is well-established under New Jersey law that the relationship between the bank and its borrower does not give rise to a legal duty that would support a negligence claim.  Globe Motor Car Co. v. First Fidelity Bank, N.A., 641 A.2d 1136, 1138-1140, 273 N.J.Super. 388, 393-94 (N.J. Law Div. 1993), aff'd, 291 N.J.Super. 428 (1996), cert. denied, 147 N.J. 263 (1996); Donleavy v. Casey, 2006 WL 3770883 (unreported) (N.J. App. Div. Dec. 26, 2006).  See also, Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988).   See also, Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 318 (E.D. Pa. 1992).

Plaintiff's Count Six asserts a claim for breach of fiduciary duty. <u>See</u> Am. Compl. at ¶¶ 84-87. However, it is well established under New Jersey law that there is no fiduciary relationship between a lender and its borrower. <u>Paradise Hotel Corp.</u>, 842 F.2d at 53 (citing <u>Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank</u>, 731 F.2d 112, 122 (2d Cir. 1984)); ("Creditor-debtor relationships . . . rarely are found to give rise to a fiduciary duty."); <u>Galayda v. Wachovia Mortgage, FSB</u>, No. CIV.A. 10-1065 FLW, 2010 WL 5392743, at *16 (D. N.J. Dec. 22, 2010) (collecting cases). Thus, Sabadell, as the successor lender under Plaintiff's loan documents, has a meritorious defense.

Finally, Plaintiff's Count Seven seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202 and/or <u>N.J.S.A.</u> 2A:16-51 invalidating Plaintiff's loans and mortgage liens. <u>See</u> Am. Compl. at ¶¶88-94. The Declaratory Judgment Act is a procedural device that creates a form of relief; it does not create an independent cause of action. <u>See</u> <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Here, Plaintiff's declaratory judgment count is derivative of her claims under TILA and CFA which, as outlined above, are not viable claims against Sabadell. Accordingly, Plaintiff is not entitled to declaratory relief and Sabadell has a meritorious defense to Plaintiff's Count Seven.

Because Sabadell has meritorious defenses to each of Plaintiff's claims, the second <u>Gold Kist</u> consideration clearly weighs in favor of vacating the Default Judgment.

### (3)   Sabadell's Failure to Answer as Not the Result of Culpable Conduct.

Finally, the Court must consider whether the default was the result of Sabadell's culpable conduct. Culpable conduct means "more than mere negligence," and connotes willfulness, bad faith, and intentionally avoiding compliance with court procedures. <u>Hritz</u>, 732 F.2d at 1182-83. While "reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard," <u>id</u>., a mere failure to respond to a claim despite having notice is generally not culpable conduct. <u>Malibu Media, LLC v. Waller</u>, No. 15-CV-03002 (WHW) (CLW) 2016 WL 184422, at *4 (D. N.J. Jan. 15, 2016). The failure to respond to a claim, especially where it is the result of miscommunication or ignorance, rather than bad faith or defense gamesmanship, will generally not be considered culpable conduct. <u>See</u> <u>Walsh v. Household Finance Corp. III</u>, No. 15-4112 (KM) (MAH), 2016 WL 1394435, at *3 (D. N.J. Apr. 7, 2016); <u>Waller</u>, 2016 WL 184422, at *4 (citing <u>Wingate Inns Intern., Inc. v. P.G.S., LLC</u>, No. 09-6198 (WHW), 2011 WL 256327, at *4 (D.N.J. Jan. 26, 2011)).

Here, despite having established a litigation intake and tracking system to ensure timely responses are made to all legal process, Sabadell has no record of ever receiving the Complaint. See Jennings Aff. at ¶ 7. While Sabadell's records do indicate that the Amended Complaint was served and forwarded to Sabadell's legal department for processing pursuant to Sabadell's litigation tracking protocol, through inadvertent error, the responsive deadline to the Amended Complaint was not calendared and the Amended Complaint was not referred to litigation counsel to defend the lawsuit. Id. at ¶ 8. Sabadell's failure to answer or appear was not the result of bad faith or any intentional conduct or gamesmanship. Id. at ¶9. Rather, Sabadell mistakenly failed to calendar the response deadline and forward the lawsuit to litigation counsel to defend. Indeed, Sabadell would have no motivation to intentionally disregard this lawsuit where Plaintiff seeks to invalidate roughly $722,000 of secured debt based on claims to which Sabadell has numerous dispositive defenses.

Because the Default Judgment resulted from, at most, miscommunication or ignorance on the part of Sabadell, and not any culpable conduct, the third and final Gold Kist factor weighs strongly in favor of vacating the Default Judgment.

## V.    CONCLUSION

Sabadell has demonstrated that the relevant considerations for vacating the Default Judgment are all clearly present and weigh in favor of the Court vacating its earlier Default Judgment to allow this action to be decided on the merits.

For the foregoing reasons, Defendant Sabadell United Bank, N.A. respectfully requests that this Court grant its Motion to Vacate Default Judgment, restore Sabadell's mortgage liens against Plaintiff's property as of their original filing dates, permit this action to be decided on the merits, and for such other and further relief, at law or in equity, to which the Court deems Sabadell to be justly entitled.

                                        Respectfully submitted,

Dated:    May 5, 2016          **BLANK ROME LLP**

                                         _/s/ Stephen M. Orlofsky_
                                        Stephen M. Orlofsky, Esq.
                                        New Jersey Resident Partner