**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY
New Jersey Resident Partner
EDWARD W. CHANG
DAVID A. DEFLECE
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Tel:  (609) 750-2650
Fax:  (609) 275-2516
Orlofsky@BlankRome.com
DDeFlece@BlankRome.com
EChang@BlankRome.com
*Attorneys for Defendants Sabadell United Bank, N.A.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA GALARZA,<br><br>Plaintiff,<br>v.<br><br>LYDIAN PRIVATE BANK, VIRTUAL BANK, a DIVISION OF LYDIAN PRIVATE BANK and/or a DIVISION OF SABADELL UNITED BANK, N.A., SABADELL UNITED BANK, N.A., LYDIAN MORTGAGE, a DIVISION OF LYDIAN PRIVATE BANK, IDEAL MORTGAGE BROKERS, LTD. d/b/a LEND AMERICA, LEND AMERICA, INC., and ABC CORPS. 1-10,<br><br>Defendants. | Civil Action No. 2729-12 (MAS) (LHG)<br><br>*Consent Order Vacating Default Order Entered On May 6, 2015 [Docket No. 28]and Directing Middlesex County Clerk to Reinstate Mortgage Liens Nunc Pro Tunc* |

Plaintiff, Maria Galarza ("Plaintiff") and Defendant, Sabadell United Bank, N.A. ("Sabadell United"), by and through their respective undersigned counsel, stipulate and agree as follows:

143854.00613/105073674v.1

## Recitals

**Whereas,** on May 1, 2007, Plaintiff executed a $616,000.00 note ("Note 1") in favor of Lydian Mortgage secured by a mortgage executed by Plaintiff and Hipolito Galarza ("Co-Mortgagor") ("Mortgage 1") encumbering Plaintiff and Co-Mortgagor's real property commonly known as 17 Cottonwood Court, Monroe Township, New Jersey 08831 ("Property") ("Loan 1"). Mortgage 1 was recorded in the Middlesex County Clerk's office in Mortgage Book 12356, Page 621 on May 14, 2007.

**Whereas,** on May 1, 2007, Plaintiff executed a $76,900.00 note ("Note 2," with Note 1, collectively the "Notes") in favor of Lydian Mortgage secured by a mortgage executed by Borrower and Co-Mortgagor ("Mortgage 2", with Mortgage 1, collectively the "Mortgages") encumbering the Property("Loan 2", with Loan 1, collectively the "Loans"). Mortgage 2 was recorded in the Middlesex County Clerk's office in Mortgage Book 12356, Page 642 on May 14, 2007. (The Notes, Mortgages, and associated origination documents are collectively referred to as the "Loan Documents," setting forth the terms of the Loans).

**Whereas,** the Property is more specifically described as follows:

> ALL that certain lot, parcel or tract of land, situate and lying in the Township of Monroe, County of Middlesex, State of New Jersey, and being more particularly described as follows:

143854.00613/105073674v.1

BEING known as Lot 17 in Block 106.93 as shown on a certain map entitled "Final Plat - Major Subdivision The Manors at Old Forge, situate in Monroe Township, Middlesex County, NJ", said map was filed in the Middlesex County Clerk's Office on January 12, 2001 as Map 6099, File 984.

BEGINNING at a point in the westerly line of Cottonwood Court distant southerly 350.00 feet along same from its produced intersection with the southerly line of Chestnut Court and running thence;

1) South 17 degrees 05 minutes 55 seconds West along the westerly line of Cottonwood Court, 150.00 feet to a point; thence

2) North 72 degrees 54 minutes 05 seconds West, 200.00 feet to a point; thence

3) North 17 degrees 05 minutes 55 seconds East, 150.00 feet to a point; thence

4) South degrees 54 minutes 05 seconds East, 200.00 feet to a point in the westerly line of Cottonwood Court, the point and place of BEGINNING.

The above description is drawn in accordance with a survey made by Anthony B. Koval, L.S., dated April 17, 2007.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 17 in Block 106.93 on the Township of Monroe Tax Map.

**Whereas**, on May 7, 2012, Plaintiff commenced the above action, which disputes the validity and enforceability of the Loans and Mortgages.

**Whereas**, on May 6, 2015, the Court entered a default Order [Docket No. 28] ("Default Order") declaring the Loans and Mortgages unenforceable.

**Whereas**, on or about June 9, 2015, Plaintiff recorded the Default Order with the Middlesex County Clerk thereby discharging the Mortgages as liens against the Property.

**Whereas**, on May 5, 2016, Sabadell United filed a Motion to Vacate the Default Order seeking to reinstate the Mortgages as priority liens against the Property [Docket No. 34].

### Agreement

Now, therefore, in consideration the terms and conditions set forth in that certain Confidential Settlement and Release Agreement and exhibits thereto ("Settlement Agreement") executed by Plaintiff, Sabadell United and Co-Mortgagor simultaneously herewith, it is unconditionally agreed among the parties that:

1. The Default Order entered on May 6, 2015 [Docket No. 28] is vacated in its entirety.

2. The Loans and Mortgages are valid and enforceable priority liens against the Property as more fully set forth in the Settlement Agreement.

3. Upon recording this Consent Order with the Middlesex County Clerk ("Clerk"), the Clerk is directed to remove the Default Order recorded on or about June 9, 2015 from the property records and restore the Mortgages *nunc pro tunc* to their original recording dates as priority liens against the Property as follows:

**Mortgage 1**

Mortgage made by Hipolito Galarza and Maria Galarza to Lydian Mortgage, a Division of Lydian Private Bank, dated May 1, 2007 in the original principal amount of $616,000.00 and recorded with the Middlesex County Clerk on May 14, 2007 in Mortgage Book 12356, Page 0621, Instrument No. MG 2007 019289, as assigned by Mortgage Electronic Registration Systems, Inc. as Nominee for Federal Deposit Insurance Corporation as Receiver for Lydian Private Bank, Lydian Mortgage, a Division of Lydian Private Bank, F/K/A VirtualBank, A/K/A Virtual Bank, its successors and assigns to Sabadell United Bank, National Association pursuant to that certain Assignment of Mortgage dated January 16, 2013 and recorded with the Middlesex County Clerk on March 24, 2015 in Assignment Book 01157, Page 0674, Instrument No. AS 2015 001369.

**Mortgage 2**

Mortgage made by Hipolito Galarza and Maria Galarza to Lydian Mortgage, a Division of Lydian Private Bank, dated May 1, 2007 in the original principal amount of $76,900.00 and recorded with the Middlesex County Clerk on May 14, 2007 in Mortgage Book 12356, Page 0642, Instrument No. MG 2007 019290, as assigned by Federal Deposit Insurance Corporation, Receiver for Lydian Private Bank to Sabadell United Bank, N.A. pursuant to that certain Assignment of Note, Mortgage and Loan Documents dated August 13, 2015 and recorded with the Middlesex County Clerk on September 9, 2015 in Assignment Book 01168, Page 0792, Instrument No. AS 2015 004130.

4. Upon recording this Consent Order with the Middlesex County Clerk, the Clerk is directed to discharge the *Lis Pendens* recorded on or about June 15, 2016 in Book 38 at Page 730.

5. The Court shall retain jurisdiction to enforce the terms of this Consent Order.

143854.00613/105073674v.1

STIPULATED AND AGREED:

_____
David J. Gruber, Esq.
Gruber, Schwartz & Posnock, LLP
70 South Orange Avenue
Livingston, NJ 07039
*Attorney for Plaintiff,
Maria Galarza and Co-Mortgagor,
Hipolito Galarza*

_____
David A. DeFlece, Esq.
Blank Rome LLP
301 Carnegie Center
Princeton, NJ 08540
*Attorneys for Defendant,
Sabadell United Bank, N.A.*

SO ORDERED:

_____
Michael A. Shipp
United States District Judge

143854.00613/105073674v.1